Robert S. Gutierrez (Bar No. 143223)
gutierrezr@ballardspahr.com
Adam Taryle (Bar No. 360354)
tarylea@ballardspahr.com
**BALLARD SPAHR LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400
Facsimile: 424.204.4350

*Attorneys for Defendant*
*Nexstar Media Inc.*
*(erroneously sued as Nexstar Media Group, Inc.)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SCHAEFER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BROADCASTING COMPANY, INC.; CBS BROADCASTING, INC.; NATIONAL BROADCASTING COMPANY, INC.; and NEXSTAR MEDIA GROUP, INC.,<br><br>Defendants. | Case No.  3:26-cv-1993-RSH-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO DISMISS COMPLAINT**<br><br>The Hon. Robert S. Huie<br>Hearing Date: June 8, 2026<br><br>PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT |

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, California 90067-2915

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Complaint of plaintiff Mike Schaefer ("Plaintiff") does not state any claim against defendant Nexstar Media Inc.[1] ("Nexstar") upon which relief can be granted, and does not give rise to subject matter jurisdiction in this Court.  Rather, it rests entirely on section 315 of the Federal Communications Act of 1934 (the "Act"), a statute that does not create actionable private rights and vests the Federal Communications Commission ("FCC") with exclusive authority to enforce it.

Crucially, Plaintiff does not, and cannot, show that he exhausted administrative remedies before filing a claim based on alleged violation of 47 U.S.C. § 315 in this Court.  For this reason, among others, Plaintiff's claims fail. Plaintiff's attempt to circumvent Congress's statutory framework should not be allowed.  Nexstar respectfully requests that the Court dismiss the Complaint in its entirety, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1), 12(b)6), and 8.

## II.    RELEVANT BACKGROUND

Plaintiff alleges that he is a certified candidate for California's 48th U.S. Congressional District.  Compl., p. 2.  On March 30, 2026, Plaintiff filed this action in this Court, alleging that Nexstar violated the Act by denying his "demand" for equal time on air.  Compl., pp. 3-4.  On April 1, 2026, Plaintiff mailed the Complaint and Summons by certified mail to Nexstar's corporate address in Irving, Texas.[2]  On April 14, 2026, Plaintiff filed a procedurally improper ex parte motion to request a hearing, violating this Court's rules by failing to confer with Nexstar's counsel, failing to attach a supporting declaration, and failing to serve Nexstar's counsel by email, fax, or overnight mail.

---

[1] Nexstar Media Inc. was erroneously sued as Nexstar Media Group, Inc.

[2] Pursuant to California Code of Civil Procedure § 415.40, Nexstar timely responded to the Complaint with the instant Motion to Dismiss.

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

The Complaint makes no indication that Plaintiff sought relief from the FCC before bringing this action in the District Court. To the contrary, the Complaint alleges that "Schaefer cannot be required to first exhaust his administrative remedies." Compl., p. 6.

## III. LEGAL STANDARD

Under F.R.C.P. Rule 12(b)(1), the Court must dismiss a complaint if the complaint's allegations are "insufficient to confer subject matter jurisdiction on the court," including when the statute the complaint relies on does not create an independent basis for jurisdiction. *Hawaii Motor Sports Center v. Babbitt*, 125 F. Supp. 2d 1041, 1045 (D. Haw. 2000). The burden of establishing subject matter jurisdiction always rests with the plaintiff. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The court presumes a lack of subject matter jurisdiction until the plaintiff proves otherwise. *See id.*

Further, the U.S. Supreme Court has held that federal question subject matter jurisdiction only arises if the federal statute giving rise to the claim creates a right of action in federal court. *See Merrell Dow Pharms. Inc v. Thompson*, 478 U.S. 804, 807–812 (1986) (holding it would undermine Congressional intent to exercise federal question jurisdiction over a suit arising from a federal statute for which there is no private right of action). The Ninth Circuit applies this holding. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1022 (9th Cir. 2007) ("th[e] general federal question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court"); *Utley v. Varian Assocs., Inc.*, 811 F.2d 1279, 1287 (9th Cir. 1987) ("the lack of a private remedy under the relevant federal law will frustrate jurisdiction").

Under F.R.C.P. Rule 12(b)(6), dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Mollett v. Netflix*, 795 F.3d 1062, 1065 (9th Cir. 2015); *SmileCare Dental Grp. v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). To

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint's necessary reliance on a statute that does not provide a private right of action constitutes a failure to state a claim under Rule 12(b)(6). *Segalman v. Southwest Airlines Co.*, 895 F.3d 1219, 1222 (9th Cir. 2018). Federal courts have held that a complaint based on 47 U.S.C. § 315 fails to state a claim for relief because the statute does not provide a private right of action. *Ackerman v. Columbia Broadcasting Sys., Inc.*, 301 F. Supp. 628, 631 (S.D.N.Y. 1969).

## IV. ARGUMENT

### A. The Complaint Should Be Dismissed Under Rule 12(b)(1) Because the Act Does Not Provide a Private Right of Action for "Equal Time" Disputes and the Court Therefore Lacks Subject Matter Jurisdiction.

Section 315 of the Federal Communications Act of 1934 provides that, with some exceptions, "[i]f any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station." 47 U.S.C. § 315(a). This is referred to as the "equal time" rule.

But federal courts, including the U.S. Supreme Court, have held that the Act does not create any new private rights. *Scripps-Howard Radio, Inc. v. FCC*, 316 U.S. 4, 14 (1942). Specifically, "no provision in Sec. 315(a), or in any other part of the Act … gives a private individual a cause of action to recover damages for an alleged violation of the Act."[3] *Daly v. Columbia Broadcasting Sys., Inc.*, 309 F.2d 83, 85 (7th Cir. 1962). Further, "there seems no question that the primary and *exclusive* forum in which to institute and prosecute alleged violations of 47 U.S.C. §

---

[3] Though the Complaint cites section 315(b), it is section 315(a) that contains the "equal time" rule. 47 U.S.C. § 315(a); *see also Gordon*, 287 F. Supp. 452 at 455.

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

315 by broadcast licensees is the Federal Communications Commission." *Maher v. Sun Publications, Inc.*, 459 F. Supp. 353, 356 (D. Kan. 1978) (emphasis added) (citing *Ackerman v. Columbia Broadcasting System, Inc.*, 301 F. Supp. 628, 631 (S.D.N.Y.1969); *Gordon v. National Broadcasting Company*, 287 F. Supp. 452, 455-456 (S.D.N.Y. 1968).

Rather than bring a claim in federal district court, a "candidate who believes that a station has failed to provide him equal time as required under the law must begin by filing a complaint with the FCC." *Levison v. McCullough*, 495 Fed. App'x. 815, 816–817 (9th Cir. 2012) (citing 47 C.F.R. 1.41). If the complainant loses, he must file a petition for reconsideration, and only after the FCC denies this petition can he appeal directly to the federal appellate court, not the district court. *Id*. at 817 (citing 47 U.S.C. §§ 402(a), 405(a), and 28 U.S.C. § 2342). In *Levinson*, the Ninth Circuit affirmed the dismissal of a *pro se* plaintiff's claim under section 315 that television broadcasters were denying him equal airtime, affirming that the federal court lacks jurisdiction for such claims. *Id.*

Because the FCC is the exclusive forum in which to resolve disputes arising under the Act, and the statute does not create a private right of action, federal question jurisdiction cannot be applied to Plaintiff's claim. Thus, the Complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

**B.     The Complaint Should Be Dismissed Under Rule 12(b)(6) Because the Act Does Not Create a Private Right of Action and the Complaint Therefore Cannot State a Cognizable Theory for Relief.**

The Complaint's failure to allege that Plaintiff exhausted his administrative remedies constitutes an incurable failure to state a claim upon which relief can be granted. In circumstances analogous to the present case, courts have categorically dismissed claims brought by political candidates alleging violations of 47 U.S.C. section 315's "equal time" provision for both lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim for relief.

In *Maher*, the court dismissed an "equal time" complaint brought by a political candidate under section 315 even when he did submit a complaint through the FCC's administrative procedure, because the FCC's purview over this subject matter is "exclusive." *Maher*, 459 F. Supp. 353 at 356.

In *Gordon*, the court dismissed a similar section 315 "equal time" claim because it "fail[ed] to allege that the plaintiff has availed himself of the primary and exclusive jurisdiction of the Federal Communications Commission with respect to this claim," rendering the complaint "fatally defective." *Gordon*, 287 F. Supp. 452 at 455.

Similarly, in *Ackerman*, in which a 1968 U.S. presidential candidate alleged that broadcasters deprived him and his supporters of equal airtime as required by section 315 of the Act, the court dismissed the complaint for failure to state a claim for relief. The court held that "[n]either the Act in general nor section 315(a) in particular created new private rights or authorized suits to recover damages. The enforcement of section 315(a) and the vindication of the public interest are vested in the Federal Communication Commission." *Ackerman*, 301 F. Supp. 628 at 630-631.

Here, the Complaint fails to allege that Plaintiff exhausted his administrative remedies with the FCC concerning this claim. Indeed, by alleging that "Schaefer cannot be required to first exhaust his administrative remedies," the Complaint concedes that Plaintiff made no attempt to do so. Compl., p. 6. Thus, Plaintiff does not, and cannot, plead a facially plausible claim against Nexstar.

Plaintiff's assertion that the time-sensitive nature of elections somehow excuses his failure to exhaust his administrative remedies (*see* Compl., p. 6) provides no exemption from the requirement. *Maher* addressed this very argument, and held that even though an FCC complaint for equal time would not be accepted at least until after the debates, and likely even after the relevant election, this does not override Congress's statutory framework vesting the FCC with exclusive jurisdiction to adjudicate such disputes, given the FCC's expertise in the relevant

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

subject matter. *Maher*, 459 F. Supp. 353 at 356. Indeed, everyone elected to Congress is personally familiar with the time-sensitive nature of elections. If Congress intended to create a private right of action in federal court for equal time claims, it would have done so.

The Complaint presents no cognizable legal theory under which relief can be granted. Accordingly, Plaintiff's claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for relief.

**C.    The Complaint Should Be Dismissed Under Rules 12(b)(6) and (8) Because it Fails to State a Claim with Sufficient Specificity to Satisfy Pleading Requirements.**

Where "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 566 U.S. 662 at 679 (quoting Rule 8(a)(2)). Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. 544, 555, fn. 3 (quoting 5 Wright & Miller § 1202, at 94, 95). Rule 12(b)(6) also provides for dismissal of complaints that fail to plead sufficient facts to state a cognizable claim for relief. *Mollett*, 795 F. 3d at 1065. In the context of equal time claims under the Act, courts have held that when the complaint is "overly vague, indefinite and conclusory," it fails to allege factual matter with sufficient specificity. *Gordon*, 287 F. Supp. 452, 456.

Nowhere does the Complaint explicitly allege that Plaintiff did not receive equal airtime as his opponents, or allege how Nexstar deprived him of the amount of news coverage he thinks is required by the Act. It alleges how much airtime some of his opponents received, but does not allege how much airtime Plaintiff was afforded. *See* Compl., p. 3. Nor does it allege any factual assertions regarding the content of Plaintiff's "demand" or the circumstances of Nexstar's alleged "refusal"

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

of this demand. *Id.*, p. 2. It is not the Court's or Nexstar's job to decipher an unintelligible Complaint that lacks sufficient factual matter.

Finally, Plaintiff's Complaint is defective because it is merely a string of allegations followed by the legal conclusion that all defendants have somehow violated the law. This type of pleading fails to meet the standards of Rule 8. Plaintiff's Complaint is an impermissible shotgun pleading because it "recites a collection of general factual allegations at the outset but fails to connect those facts to the elements comprising plaintiff's causes of action." *Watt v. HAL Antillen N.V.*, 2024 WL 4436966, 15 at *2 (W.D. Wash. Oct. 7, 2024). In such an instance, the court may grant a motion to dismiss where, as here, it "denies defendants adequate notice of the allegations supporting each cause of action." *Id*.

Accordingly, the Complaint should be dismissed for failure to satisfy Rule 8's pleading requirements.

### D. Plaintiff Should Not Be Entitled to Amend the Complaint Because Any Amendment Would Be Futile.

Dismissal with prejudice is appropriate here because any amendment would be futile. *Mirmehdi v. U.S.*, 689 F. 3d 975, 985 (9th Cir. 2012) ("a party is not entitled to an opportunity to amend his complaint if any potential amendment would be futile."). No set of factual allegations can create a private right of action for which relief can be granted for Plaintiff's "equal time" claim. Moreover, no amendment could cure his failure to seek relief from the FCC. These fatal defects are incurable, and the Complaint should therefore be dismissed without leave to amend.

## V. CONCLUSION

For the foregoing reasons, Nexstar respectfully requests that this Court dismiss Plaintiff's Complaint against it in its entirety, with prejudice.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

MEMO OF POINTS & AUTHORITIES ISO DEF'T NEXSTAR MEDIA INC.'S MOTION TO DISMISS

DATED:  May 4, 2026                    Respectfully submitted,

**BALLARD SPAHR LLP**

BY:   */s/ Robert S. Gutierrez*
        Robert S. Gutierrez (Bar No. 143223)
        gutierrezr@ballardspahr.com
        Adam A. Taryle (Bar No. 360354)
        tarylea@ballardspahr.com
        BALLARD SPAHR LLP
        2029 Century Park East, Suite 1400
        Los Angeles, CA 90067-2915
        Telephone: 424.204.4400
        Facsimile: 424.204.4350

        *Attorneys for Defendant*
        *Nexstar Media Inc.*

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is **BALLARD SPAHR LLP**, 2029 Century Park East, Suite 1400, Los Angeles, CA 90067-2915.  On March 19, 2026, I served the within documents:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO DISMISS COMPLAINT**

☐　　**BY HAND:**  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☑　　**BY MAIL**:  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☑　　**BY E-MAIL**:  by attaching an electronic copy of the document(s) listed above to the e-mail address listed below.

Mike Schaefer　　　　　　　　　　　　　Plaintiff Pro Se
2635 2nd Ave., #725
San Diego, CA 92103
oz.blueman@yahoo.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 4, 2026, at Los Angeles, California.

*/s/ Jackie Behar*
Jackie Behar