UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE SCHAEFER,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN BROADCASTING<br>COMPANY, INC., et al.,<br><br>Defendants. | Case No.: 26-cv-1993-RSH-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF Nos. 4, 6]** |

Plaintiff, a candidate for U.S. Congress, filed this lawsuit pro se on March 30, 2026 against several broadcast media companies, alleging that they denied him "equal time" in violation of Section 315 of the Communications Act of 1934, 47 U.S.C. § 315. ECF No. 1.

On May 4, 2026, defendant Nexstar Media Inc. ("Nexstar") moved to dismiss for lack of jurisdiction and for failure to state a claim, on the grounds that Section 315 provides an exclusive forum before the Federal Communications Commission ("FCC") for alleging violations of the equal time rule, and does not create a private right of action. ECF No. 6-1 at 4-5. In response, Plaintiff agrees that his Complaint should be dismissed for lack of jurisdiction, but requests leave to amend to file a claim based on diversity jurisdiction in

the event he suffers damages in the future. ECF No. 10 at 1-2. Plaintiff also requests that any dismissal be without prejudice. *Id.* at 1.

The "general federal-question jurisdiction statute is applicable only when the plaintiff sues under a federal statute that creates a right of action in federal court." *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021, 1022 (9th Cir. 2007) (affirming dismissal of action "not on the merits but because the district court lacked jurisdiction"). The Parties agree that there is no such jurisdiction here. Although Plaintiff raises the possibility of "re-pleading in diversity jurisdiction if [events] give rise to interstate damages in excess of $75,000," ECF No. 10 at 2, he does not identify a state cause of action that would support diversity jurisdiction now or in the future. The Court concludes that leave to amend would be futile here. *See DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile.").

Nextstar's motion to dismiss [ECF No. 6] is therefore **GRANTED**. The Complaint is **DISMISSED** without leave to amend. Dismissal for lack of subject matter jurisdiction is without prejudice. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

In light of this disposition, Plaintiff's motion [ECF No. 4] for an expedited hearing on the merits of the Complaint is **DENIED** as moot.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: June 2, 2026

*Robert S Huie*

_____
Hon. Robert S. Huie
United States District Judge